IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE CERVONE, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO._____ |
| ATRIA SENIOR LIVING, INC. | : |
| Defendant. | : JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christine Cervone ("Cervone" or "Plaintiff") brings this lawsuit against Defendant Atria Senior Living, Inc. ("Atria" or "Defendant") to recover for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, the Pennsylvania Wage Payment Collection Law ("WPCL") 43 P.S. § 260.1, *et seq.*, and the common law of the Commonwealth of Pennsylvania, for Defendant's failure to pay Plaintiff all wages earned for hours worked.

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, and has jurisdiction under the doctrines of supplemental and pendent jurisdiction for claims brought pursuant to Pennsylvania law.

2. The United States District Court for the Western District of Pennsylvania (the "Western District") has personal jurisdiction because Defendant employed Plaintiff, and conducts business in general, within this District.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as Defendant has offices and conducts business in the Western District and the causes of action set forth herein arose and occurred within the Western District.

## PARTIES

4. Plaintiff Cervone is an individual residing in West Mifflin, Pennsylvania, and former employee of Defendant Atria.

5. Defendant Atria Senior Living, Inc. is a corporate subsidiary of Ventas, Inc. With over 11,000 employees, Atria maintains personal care and senior living facilities in over 27 states, with its headquarters located in Louisville, Kentucky.

6. Defendant is an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" as defined in the FLSA, 29 U.S.C. § 203.

7. Defendant has annual operating revenues in excess of $500,000.00.

8. Defendant is and has at all relevant times been an employer covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA and the PMWA.

## FACTS

9. Atria hired Cervone on or about August 21, 2007.

10. Cervone remained in that position for approximately six and a half years.

11. While employed by Atria, Cervone's position was "Community Business Director," at Atria's South Hills location near Pittsburgh, PA (referred to herein as the "South Hills location").

12. Throughout her employment with Atria, Cervone received a fixed rate of pay. Her final rate of pay was $23.07 per hour.

13. However, Cervone was compensated at this rate for a total of 40 hours, without regard to whether she worked over 40 hours in a given week.

14. Cervone's written work schedule designated her hours as being 8:00 a.m. to 4:30 p.m., Monday through Friday (*i.e.*, for a workweek of 40 paid hours, plus 30 unpaid minutes for lunch).

15. However, in almost every week of her employment with Atria, Cervone worked over 40 hours.

16. Moreover, Cervone regularly worked through her meal period, or took a meal period of less than 30 minutes.

17. Atria never instructed Cervone not to work over 40 hours per week, and accepted the benefit of Cervone's working more than 40 hours per week.

18. Atria did not maintain accurate records of the hours worked by Cervone.

19. However, Cervone maintained detailed and accurate records of the hours she worked each week.

20. The Executive Directors to whom Cervone reported, including Christine Cummins and Beverly Bowser, knew that Cervone worked over 40 hours each week.

21. In fact, Cervone frequently submitted her work product to Atria department directors and the Executive Director outside of her regularly scheduled hours.

22. Moreover, it was readily apparent that Cervone worked over 40 hours because the tasks of the position required more than 40 hours.

23. In addition, Cervone regularly corresponded via time-stamped e-mails, and entered electronic data, at times outside of her regularly scheduled work hours.

24. Despite working over 40 hours each week, Cervone did not receive an overtime premium, or any other additional pay, for such work.

25. Additionally, pursuant to Atria's corporate policy, when Cervone had to be absent for part of a work day, she was required to use her accrued vacation pay or "paid time off" ("PTO"). If she did not use accrued PTO, she would have her pay reduced by the number of hours she "missed" that week.

26. In addition to her fixed rate of pay, Cervone was also eligible to receive an annual "bonus."

27. Cervone's annual bonus was based on a percentage of the Net Operating Income ("NOI") of the South Hills Location. When the NOI at the South Hills location increased over the previous year, Cervone would receive a bonus.

28. For the 2013 fiscal year, the NOI at the South Hills location increased by approximately 67%.

29. Cervone relied on the annual bonus, as part of her compensation, as an inducement for her to continue employment with Atria.

30. Cervone satisfied all conditions precedent to her receipt of an annual bonus for the year 2013.

31. In January 2014, Executive Beverly Bowser informed Cervone that she was to receive a bonus of $8,974.00.

32. In January 2014, Cervone discussed her bonus with Beverly Bowser in context of discussing other employee bonuses. Bowser confirmed that Cervone would receive a bonus of $8,974.00.

33. Bowser informed Cervone that the bonus would be distributed on or before March 1, 2014.

34. On February 14, 2014, Atria terminated Cervone's employment.

35. To date, Atria has not paid Cervone her annual bonus of $8,974.00, or a bonus of any other amount.

36. Under the FLSA, the PMWA, and the WPCL, Cervone was entitled to compensation for all hours worked at her regular rate of pay. Moreover, she was entitled to an overtime premium of 1.5 times her regular rate for all hours worked over 40 in a week.

37. At all relevant times, Atria was aware of its obligations under the FLSA and PMWA.

38. However, Atria failed and refused to compensate Cervone for hours worked over 40 in a week. Moreover, Atria never compensated Cervone with 1.5 times her regular rate for hours worked over 40 in a week.

39. Because Atria knew of its obligations under the FLSA, the PMWA and the WPCL, its decision not to compensate Cervone for all hours worked was willful, intentional, and with reckless disregard for Cervone's rights under the same.

## COUNT I
**(Overtime Violations of the FLSA and the PMWA)**

40. All previous paragraphs are incorporated as though fully set forth herein.

41. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

42. The PMWA entitles employees to overtime compensation "not less than one-half times the employee's regular rate …." 43 P.S. § 333.104(c).

5

43.     Defendant violated the FLSA and PMWA by failing to pay Plaintiff the legally mandated overtime premium rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.  Therefore, Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1), and the PMWA, 43 P.S. § 333.101, *et seq.*, including 43 P.S. § 333.104(c).

44.     In violating the FLSA, Defendant acted willfully and with reckless disregard of applicable FLSA provisions and thus constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45.     Defendant's willful violation of the FLSA caused Plaintiff to suffer a loss of wages and interest.

46.     Plaintiff seeks damages in the amount of all unpaid overtime compensation at a rate of one and one-half times her regular rate of pay for work performed in excess of forty hours in a workweek, plus liquidated damages, as provided by the FLSA and the PMWA, and such other legal and equitable relief as the Court deems just and proper.

47.     Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA and the PMWA.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff seeks the following relief, to the fullest extent permitted by law:

A.      An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

B.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. Back pay damages and prejudgment interest;

D. Liquidated damages;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

## COUNT II
### (Breach of Contract)

48. The foregoing paragraphs are incorporated by reference.

49. Plaintiff and Defendant entered into an agreement in connection with Plaintiff's employment at Defendant's South Hills location.

50. The agreement between Plaintiff and Defendant was that Plaintiffs would be paid an annual bonus, provided that the South Hills location achieved certain performance metrics.

51. In breach of the parties' agreement, Defendant never paid Plaintiff her annual bonus.

52. As a result of Defendant's breach, Plaintiff lost wages to which she was entitled for hours worked at Defendant's South Hills location.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. A declaration that Defendant breached its contracts with Plaintiff;

B. Payment to Plaintiff her annual bonus of $8,974.00;

C. Plaintiffs' attorneys' fees and costs; and

Such other and further relief as this Court deems just and proper.

7

## COUNT III
**(Alleging Overtime Violations of the WPCL)**

53. The foregoing paragraphs are incorporated by reference.

54. As set forth above, Plaintiff and Defendant agreed that Plaintiffs would be paid an annual bonus.

55. In breach of the parties' agreement, Defendant never paid Plaintiff her annual bonus.

56. The Pennsylvania WPCL provides a statutory remedy against an employer that breaches an employee's right to contractual right to wages earned through employment, including earned bonuses.

57. Atria is an "employer" within the meaning of the WPCL.

58. As described above, and in violation of the WPCL, Atria failed to pay Plaintiff her annual bonus, which was earned as of January 2014.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

D. A declaration that Defendant breached its contracts with Plaintiff;

E. Payment to Plaintiff her annual bonus of $8,974.00;

F. Liquidated damages in the greatest amount permitted by the WPCL;

G. Plaintiffs' attorneys' fees and costs; and

Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,

Date:  September 12, 2014

/s/ Vincent J. Mersich
Vincent J. Mersich (PA I.D. 310971)
Law Office of Vincent J. Mersich, LLC
400 Market Street
Elizabeth, PA 15037
Phone: 412.384.8803 / 724.493.5201
Fax:     412.384.8805
Email: vincent.mersich@outlook.com